**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**John Edward RICHARD,
Defendant-Appellant.**

No. 83–1903.

United States Court of Appeals,
Tenth Circuit.

July 17, 1984.

Rehearing Denied Sept. 6, 1984.

John M. Richilano, Asst. Federal Public Defender, Denver, Colo. (Michael G. Katz, Federal Public Defender, Denver, Colo., with him on the brief), for defendant-appellant.

Raymond P. Moore, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., and Linda A. Surbaugh, Asst. U.S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, BREITENSTEIN, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

John Edward Richard appeals from a restitution order against him issued under the Victim and Witness Protection Act, 18 U.S.C. §§ 3579, 3580 (1982).[1] The Act provides inter alia that a court "shall impose an order of restitution to the extent ... the imposition of such order will not unduly complicate or prolong the sentencing process." 18 U.S.C. § 3579(d). Richard argues that determining the proper amount for restitution is so complicated in this case that the district court should have sentenced him without a restitution order to avoid unduly complicating or prolonging his sentencing.[2] We disagree and affirm the order of restitution.

Richard was convicted in June 1983 of bank robbery. Sentencing hearings began on July 15, at which time the judge noted that the Victim Impact Statement, *see* Fed. R.Crim.P. 32(c)(2)(C), indicated a loss to the bank of $12,998.98 as a result of the robbery. Richard's counsel raised an objection to that figure, asserting that "all the money was recovered and that Mr. Richard is not responsible for a sporting away [of] any additional amount." Rec., vol. II, at 3. During the trial the Government had produced evidence of the bank's loss. Under the restitution statutes, the Government need prove the amount of loss by only a preponderance of the evidence. 18 U.S.C. § 3580(d). Nonetheless, the trial judge agreed to hold a full hearing on July 21 to determine the exact amount of the bank's loss. The trial judge specifically asked defense counsel at the July 15 hearing whether the July 21 date was agreeable, to which counsel responded in the affirmative.

At the start of the July 21 hearing, Richard's counsel claimed he had not had enough time to prepare. He did not move for a continuance, but stated instead, "my position at this point is that I cannot proceed adequately for Mr. Richard, but I think that sentencing ought to proceed .... So for the record, my motion is ... for an order stating that restitution is inappropriate just because a fair determination

1. The Act provides in pertinent part:
 "(a)(1) The court, when sentencing a defendant convicted of an offense under this title ..., may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense.
 (2) If the court does not order restitution, or orders only partial restitution, under this section, the court shall state on the record the reasons therefor.
 (b) The order may require that such defendant—
 (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—
 (A) return the property to the owner of the property or someone designated by the owner; or
 (B) if return of the property under subparagraph (A) is impossible, impractical, or inade-

quate, pay an amount equal to the greater of—
 (i) the value of the property on the date of the damage, loss, or destruction, or
 (ii) the value of the property on the date of sentencing,
 less the value (as of the date the property is returned) of any part of the property that is returned ...."
 18 U.S.C. § 3579.

2. Richard also argues that the statute is unconstitutional in several respects. He did not raise these contentions below, however, and we refuse to consider them for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir.1977); *United States v. Immordino*, 534 F.2d 1378, 1381 (10th Cir.1976).

would prolong the sentencing process." Rec., vol. III, at 5. The judge held the motion under advisement until he heard the government's evidence.

The prosecution called the manager of the bank branch, several of the tellers on duty during the robbery, and an FBI agent who had recovered much of the stolen money. The testimony revealed how the bank had arrived at its loss figures. Immediately following the robbery, the bank had conducted an audit during which the bank's tellers counted the cash remaining in their drawers. They then prepared cash teller envelopes, and took from their teller machines the totals of their beginning cash, cash-outs, cash-ins, and ending balances. They assessed the amount in the vault in similar fashion. The tellers' figures were verified both by a dollar-by-dollar recount performed at the bank branch that day, and by the bank's proof department verification procedure performed subsequently at the main bank.[3] From these figures, the bank determined that it had a shortage of $112,498.98 on the day of the robbery.

Richards testified that he did in fact commit the robbery, that he was chased afterwards, and that he made it to a nearby Colorado State University building where he stashed in the basement restroom all of the money, the weapons, his change of clothes, and other evidence. He testified that he left the building without taking any of the money. The police found the hiding place several hours later and recovered $99,499. In computing its total loss, the bank subtracted the recovered amount from the total shortage of $112,498.98 to arrive at a net loss from the robbery of $12,998.98.

After the testimony was completed, Richard's counsel renewed his motion that this case was inappropriate for a restitution order, even assuming the validity of the dollar figure. The essence of Richard's post-hearing motion was that he should not be assessed for the loss because he had not been given sufficient time to establish that the loss was due to someone else, such as a bank teller or law enforcement officer, taking advantage of the robbery to steal some of the money. On appeal, Richard urges that

> "since the amount of restitution alleged was substantial, since the victim, a bank, had available to it adequate civil remedies, and since a fair determination of the amount of restitution would have resulted in a 'mini-trial for damages', the court should have found that the imposition of an order of restitution would 'unduly complicate or prolong the sentencing process,' and proceeded to sentencing without such order."

Brief of Appellant at 12–13.

An order of restitution under sections 3579 and 3580 is a part of the sentencing process. See 18 U.S.C. § 3579(a)(1); S.Rep. No. 532, 97th Cong., 2d Sess. 31, 32, reprinted in 1982 U.S.Code Cong. & Ad. News 2515, 2537, 2538. When reviewing the sentencing decision of a trial judge, we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, ___, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). The Victim and Witness Protection Act grants the sentencing judge substantial discretion over the entire process leading to a possible restitution order. See § 3579(a), (b), (c), (d), (e)(1), (f)(1), & (g); § 3580(b) & (d). As part of the process, the judge must decide whether, in a particular case, the imposition of the order will "unduly complicate or prolong the sentencing process." Id. § 3579(d). We will not overturn a district court's restitution order absent an abuse of discretion. Cf. Herzfeld v. United States District Court, 699 F.2d 503, 506 (10th Cir.), cert. denied, ___ U.S. ___, 104 S.Ct.

---

3. The checking and double-checking by the bank revealed minor errors that were calculated into the final figures.

70, 78 L.Ed.2d 84 (1983); *United States v. Carson,* 669 F.2d 216, 217 (5th Cir.1982).

■ We are unpersuaded by Richard's challenge to the restitution order in this case. That the bank may have had other means of recovering its lost funds through various civil remedies is irrelevant, except to the extent that an order of restitution must be set off against any subsequent civil award. *See* 18 U.S.C. § 3579(e)(2). Indeed, the Act anticipates that in many cases the victim will have other civil remedies available. *See id.; see also id.* § 3580(e).

Similarly, the size of the amount involved cannot give rise to a per se rule that in such cases restitution is impermissible. Cases involving very substantial sums may require uncomplicated proof, especially under the preponderance of the evidence standard used in the Act. *See id.* § 3580(d).

Richard's main contention is that the trial judge abused his discretion in awarding restitution because a fair determination of the amount of restitution would have required a mini-trial, thereby unduly complicating or prolonging the sentencing process. Richard maintained below that the matter was complicated not because establishing the bank's loss was difficult, but because establishing *who took the lost funds* was difficult. He felt discovery might have assisted him in establishing that one of the bank's employees or someone else actually took the lost monies. The primary thrust of Richard's cross-examination was focused on this point, as was his argument to the bench after the hearing. We are unconvinced by this contention.

■ To establish grounds for a restitution order under sections 3579 and 3580, the government need not prove that the defendant was directly responsible for the loss. As Judge Matsch explained during the July 21 hearing, "[t]he statute refers to the loss to the victim, not a benefit to the defendant." Rec., vol. III, at 118. The statute provides that a judge may order restitution "in the case of an offense *resulting in* damage to or loss or destruction of property of a victim of the offense ...." 18 U.S.C. § 3579(b)(1) (emphasis added). Under our reading of this language, a restitution order is authorized even if a teller or a police officer stole the money, because Richard created the circumstances under which that could occur. The hearing testimony supports the conclusion that it would be extremely difficult for a teller to steal funds absent the unusual circumstances created by a robbery. Similarly, without the robbery the bank's money would not have been stashed in the bathroom of a building where someone else could have taken it. Thus, if any loss occurred on the day of the robbery, it occurred *as a result of* Richard's actions.

Section 3579(d) was not intended to provide a blanket exemption from restitution whenever determining the victim's loss is more complicated than usual. Where the precise loss to the victim is difficult to determine, the statute only requires the court "to reach an expeditious, reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim." S.Rep. No. 532, 97th Cong., 2d Sess. 31, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2537. It does not require, as Richard asserts, that the trial judge in such cases sentence the defendant without a restitution order.

In consideration of other factors, such as the length of imprisonment, Richard's financial resources, and the difficulty of obtaining work with a criminal record, the judge reduced the amount of restitution from a possible $12,998.98 to $5,000, to be paid within five years after Richard's release from the penitentiary. We find no abuse of discretion.

The order of restitution is affirmed.