**UNITED STATES of America, Appellee,**

v.

**Ayman KALLASH,
Defendant-Appellant.**

**No. 306, Docket 85–1222.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 30, 1985.

Decided Jan. 21, 1986.

As Amended March 17, 1986.

Donald E. Nawi, New Rochelle, N.Y., for defendant-appellant.

Larry Krantz, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Mary McGowan Davis, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before MANSFIELD, MESKILL and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York, Bramwell, *J.*, affirming a judgment of conviction imposed upon appellant by Magistrate Caden for the unlawful conveyance of a United States Treasury check in violation of 18 U.S.C. § 641 (1982). We affirm in part, reverse in part and remand to the district court for further proceedings.

## BACKGROUND

In May 1983 appellant Ayman Kallash obtained a $10,000 United States Treasury check made out to Lester and Helen Evenchick. The endorsement on the check was a forgery. Kallash transferred the check in payment of a debt.

A superseding information filed on March 14, 1984 charged that Kallash:

> [o]n or about the 16th of May, 1983, within the Eastern District of New York ... did knowingly and willfully, without authority, convey and dispose of a thing of value of the United States, specifically, United States Treasury Check No. 1,168,539, having a value in excess of Ninety Dollars ($90.00). (Title 18, United States Code, Section 641).

With the charge thus framed as a misdemeanor, Kallash's case was tried to a jury before Magistrate Caden on March 20 and 21, 1984. The parties stipulated that the check had been conveyed without authority. The only issue at trial was whether Kallash had conveyed the check knowing at the time that it had been stolen.[1]

Magistrate Caden's jury instructions on the element of knowledge included the following:

> If you find from all the evidence beyond a reasonable doubt that the defendant *believed* the the [sic] check was stolen but deliberately and consciously avoided confirming that it was stolen so that he could say, if he was apprehended, that he did not know, you may treat this

---

1. Tr. 17, 20–21.

The government's evidence consisted primarily of statements made to United States Secret Service agents by Kallash in which Kallash admitted to having known the check had been stolen before he transferred it. One of the statements was in writing and signed by Kallash.

Kallash testified in his own behalf, claiming that he did not learn about the theft of the check until after he transferred it and that the agents had misunderstood and mistranscribed what he said. Kallash claimed that he had signed the statement because he was told that it was in his best interest to do so and that the statement would not be used against him.

deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find a defendant acted knowingly, if you find either that he actually knew the check was stolen or that he deliberately closed his eyes to what he had every reason to believe was the fact.

App. of Appellant at 11–12 (emphasis added).[2]

At a preliminary conference on the jury charge, the government attorney objected to the use of "believed," arguing that instead the charge should read: "the defendant was aware of the high probability that the check in question here was stolen." Tr. 145. Magistrate Caden questioned whether this "high probability" language, recommended by this Court in *United States v. Cano*, 702 F.2d 370, 371 (2d Cir. 1983), comported with the government's burden of proving guilt beyond a reasonable doubt. Defense counsel agreed with the Magistrate on this point.

When the same government objection arose at the final charging conference, defense counsel explicitly commended the Magistrate for going beyond *Cano*. Defense counsel then made a general objection to the concept of conscious avoidance. The charge was given as originally proposed by the Magistrate.

The Magistrate's jury instructions on the subject of reasonable doubt and the presumption of innocence included the following:

A reasonable doubt means a doubt sufficient to cause a prudent person to hesitate to act in the most important affairs of his or her life. *The law does not require certainty because only those present at an event can feel certain about what happened and even they can be wrong.*

App. of Appellant at 8 (emphasis added).[3]

Only the government attorney made a specific objection to the sentence about cer-

---

2. The entire jury charge on the element of knowledge was the following:

The third element the government must prove is that the defendant conveyed or disposed of the check knowing that it was stolen.

As I have already explained, a person does not knowingly do an act if his action resulted from a mistake, negligence or any other reason. This is the critical element in the case.

In this regard you must determine from all the facts and circumstances in the case what the knowledge of the defendant was at the various times in question.

Thus, direct proof of willfulness or knowledge is not necessary. Knowledge may be inferred from acts and such inferences that may arise from a combination of acts, although each act standing by itself may seem unimportant.

One may not willfully and intentionally remain ignorant of a fact, important and material to his conduct, in order to escape the consequences of the criminal law.

If you find from all the evidence beyond a reasonable doubt that the defendant believed the the [sic] check was stolen but deliberately and consciously avoided confirming that it was stolen so that he could say, if he was apprehended, that he did not know, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find a defendant acted knowingly, if you find either that he actually knew the check was stolen or that he

deliberately closed his eyes to what he had every reason to believe was the fact.

But, I should like to emphasize, ladies and gentlemen, the requisite knowledge cannot be established by demonstrating merely negligence or even foolishness on the part of a defendant.

On the other hand, if you find that the defendant actually believed that the check was not stolen at the time he disposed of it, then you must acquit him.

App. of Appellant at 11–12.

3. The entire jury charge on reasonable doubt and the presumption of innocence was the following:

The defendant has pleaded not guilty.

The government has the burden of proving guilt beyond a reasonable doubt with respect to every element of the crime the defendant is charged with committing.

A defendant does not have to prove his innocence. A defendant need not submit any evidence at all. On the contrary, he is presumed to be innocent. In this case, the defendant did voluntarily take the stand.

The burden of proof beyond a reasonable doubt lies with the government and continues throughout the trial.

A reasonable doubt means a doubt sufficient to cause a prudent person to hesitate to act in the most important affairs of his or her life. The law does not require certainty because only those present at an event can feel

tainty. Defense counsel made only a vague statement that the charge on presumption of innocence and reasonable doubt was "not complete enough ... not a full enough explanation to accurately convey to the jury." Tr. 245–46. The charge was given as proposed by the Magistrate.

The jury returned a verdict of guilty less than ninety minutes after leaving the courtroom to deliberate.

On August 6, 1984 Magistrate Caden denied Kallash's motion for a new trial. On August 7, 1984 the Magistrate filed an order suspending sentence, and imposing a term of three years probation and a fine of $1,000 to which was added the following:

*Special condition of probation:*

Defendant is to make restitution in the amount of ten thousand dollars ($10,-000.00) if appropriate.

App. of Appellant at 6.

Kallash took an appeal as of right to the district court pursuant to 18 U.S.C. § 3402 (1982), asserting that the above quoted portions of the jury charge on conscious avoidance, presumption of innocence and reasonable doubt constituted reversible errors. The court, Bramwell, *J.*, affirmed the conviction in a decision and order filed June 19, 1985 finding that Kallash had failed to preserve objections to the charge and that the asserted mistakes in the charge did not amount to plain error.

Kallash now appeals from Judge Bramwell's decision and from the restitutionary award included in the sentence imposed by Magistrate Caden.

## DISCUSSION

### 1. *Jury Instructions*

We agree with the district court that appellant's claims with regard to the jury charge were not properly preserved and

certain about what happened and even they can be wrong.

Finding an individual guilty of a crime is serious and you will consider this fact in deciding whether you have a reasonable doubt of the defendant's guilt.

that the claims do not amount to plain error.

■ "No party may assign as error any portion of the charge or omission therefrom unless *he* objects thereto ... stating distinctly the matter to which he objects and the grounds of his objection." Fed.R. Crim.P. 30 (emphasis added). Here it was not Kallash but the government which objected to the portions of the charge that are the subject of this appeal. Defense counsel's failure to focus on the certainty language to which he now objects waived the objection under Rule 30. "We repeatedly have held in cases too numerous to cite that Rule 30 means just what it says, and failure to make timely objection to a charge at the time of trial constitutes a waiver of that objection." *United States v. London,* 753 F.2d 202, 205 (2d Cir.1985). Particularly with respect to the charge on conscious avoidance, of which defense counsel at trial specifically approved, allowing an appeal now would be condoning a sneak attack on the trial court.

■ It is equally clear that neither of the jury instructions amounted to plain error by the Magistrate.

"Plain errors or defects *affecting substantial rights* may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b) (emphasis added). The application of this rule is limited to cases where there has been a miscarriage of justice which denied the defendant a fair trial. *See United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

Here, the trial court's charge on conscious avoidance was more favorable to appellant than the *Cano* charge he now urges on appeal. Actual belief is plainly a higher standard than the "awareness of high probability" standard we recommended in *Cano*. Having received a

Nevertheless, if you are convinced beyond a reasonable doubt of the defendant's guilt, you should find him guilty and not be swayed by sumpathy [sic].

App. of Appellant at 8–9.

charge more favorable than the court was required to give, appellant had no basis for claiming that his substantial rights were harmed. *See United States v. Joly*, 493 F.2d 672, 674–77 (2d Cir.1974) (finding no plain error in conscious avoidance charge essentially identical to that given here).

We also held in *Joly* that a reasonable doubt charge virtually identical to the one employed by the Magistrate here was not plain error, assuming that it was error at all. 493 F.2d at 677. Reasonable doubt can be made very confusing by attempts at extensive elaboration and we have cautioned trial courts to avoid that temptation. *United States v. Ivic*, 700 F.2d 51, 69 (2d Cir.1983). Taken as a whole, however, the Magistrate's charge on reasonable doubt and the presumption of innocence did not lower the government's burden of proof. It was not plain error. *Ivic*, 700 F.2d at 68–70.

### 2. *Restitution*

At the heart of appellant's claim with regard to restitution is the argument that the Magistrate failed to apply the substantive and procedural rules governing restitutionary awards set forth in 18 U.S.C. §§ 3579–80 (1982). Prior to 1982, restitution could be awarded only in cases where there was a sentence of probation. The court's power to award restitution with a probation sentence appeared in 18 U.S.C. § 3651. It is the government's argument that the subsequent adoption of sections 3579–80 in the Victim and Witness Protection Act of 1982, Pub.L. No. 97–291, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 781, 1248, 1253–55, was designed only to extend the power to award restitution to cases where there was no probation involved. Thus, the argument goes, there was no intent on Congress' part to affect restitu-

tionary awards in probation cases by the provisions of sections 3579–80. The legislative history is to the contrary.[4]

It is true that the legislative history indicates a desire to expand the scope of restitution beyond its old probation-related application. The Senate Report on the subject, however, also shows clear unhappiness with the use (or, more to the point, non-use) of restitution under the old system:

> Under current law, 18 U.S.C. § 3651, the court may order restitution for actual damage or loss, but only as part of a probationary sentence.
>
> *As a matter of practice, even that discretionary grant of authority is infrequently used and indifferently enforced. In this respect, federal criminal courts have gone the way of their state counterparts, reducing restitution from being an inevitable if not exclusive sanction to being an occasional after-thought.*
>
> Crime victims and their advocates have called on state legislators to restore restitution to its proper place in criminal law.... The legislative remedies proposed here parallel those being enacted by state legislatures.

S.Rep. No. 532, 97th Cong., 2nd Sess. 30, *reprinted in* 1982 U.S.Code Cong. & Ad. News 2515, 2536 (emphasis added). The Senate Report specifically cited the case of a crime victim whose restitution, awarded in conjunction with a defendant's sentence of probation, had been allowed to fall between the administrative and judicial cracks, noting that "[t]his story is typical of the casual way restitution is being used in all our courts." *Id.* at 30–31, *reprinted in* 1982 U.S.Code Cong. & Ad.News at 2536–37.

---

**4.** A resort to legislative history is justified here by the ambiguity of section 3579. The statute's first paragraph states that it applies "when *sentencing*" (emphasis added). This could be read to exclude cases where there is a suspension of sentence and an imposition of probation instead. The legislative history indicates that this restrictive reading of section 3579 is incorrect.

The first words of the Senate Report on section 3579 are: "Section 3579 permits the court, for the first time, to order payment of restitution independently of *a sentence of* probation." S.Rep. No. 97–532, 97th Cong., 2nd Sess. 30, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2536 (emphasis added).

The language of the statutes themselves also supports the conclusion that they were meant to apply to all restitutionary awards imposed during sentencing for offenses under Title 18 and certain provisions of the Federal Aviation Act, *see* 18 U.S.C. § 3579(a)(1), including awards attached to terms of probation.[5] Subsection 3579(f) states that if a court sets a specified period during which installments on the restitution are to be paid, "[t]he end of such period or the last such installment shall not be later than ... *the end of the period of probation, if probation is ordered.*" 18 U.S.C. § 3579(f)(2)(A) (emphasis added).

Thus, appellant is correct that the Magistrate should have applied the substantive provisions of section 3579 and the procedural provisions of section 3580 to the instant restitutionary award. The Magistrate's vaguely stated award of restitution "if appropriate" is the kind of "occasional afterthought" approach to restitution that Congress wanted to end by its adoption of the new provisions.

The application of sections 3579 and 3580 would have had a substantial impact on the award. Appellant states that the Magistrate ordered him to pay the $10,000 back at the rate of fifty dollars per month. Section 3579(f)(2)(A), as noted above, would prohibit installments running beyond Kallash's three year probationary period.

The new provisions would also have had procedural effects. For example, section 3580 directs the court to consider a defendant's financial resources in making a restitutionary award. Appellant argues correctly that his own financial status should have been taken into account.[6] He is incorrect, however, in asserting that the court should also have considered the "immense" resources of the bank to which the award was to be paid. The financial resources of the victim are *not* included in the list of factors to be weighed under section 3580(a).

The government agrees that a remand is appropriate to clarify the restitutionary award. We remand for the clarification that should result from the proper application of sections 3579 and 3580.

---

5. We note that sections 3579–80 do not affect the power to impose restitution under section 3651 during sentencing for offenses not included within the scope of subsection 3579(a)(1).

6. We note that this status includes appellant's "earning ability." 18 U.S.C. § 3580(a). *See United States v. Brown,* 744 F.2d 905, 911 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984).