101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Laura E. MURRAY, Defendant-Appellant.
 No. 96-1036.
 United States Court of Appeals,
Second Circuit.
 July 3, 1996.
 
 Joseph B. Mistrett, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Appellant.
 Kathleen M. Mehltretter, Assistant United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 4
 Defendant-appellant Laura E. Murray appeals from a judgment entered in the United States District Court for the Western District of New York (Arcara, J.) convicting her, following a plea of guilty, of bank embezzlement, in violation of 18 U.S.C. § 656. The district court sentenced her to a 14-month term of imprisonment, a five-year term of supervised release, a $50 special assessment, and restitution in the amount of $274,400.
 
 
 5
 Between 1987 and 1995, Murray embezzled money from her employer, Fleet Bank, N.A. Murray falsified credit memos to her checking account, which caused funds to be credited to her account. After Murray was charged with embezzlement, she entered into a plea agreement with the government. Under the terms of the plea agreement, the parties agreed "that the Court may require restitution in the amount of $278,000 to be paid as part of the sentence, pursuant to § 5E1.1 of the Sentencing Guidelines and 18 U.S.C. § 3663."
 
 
 6
 According to the presentence report ("PSR"), Murray claimed that "the vast majority of the money [embezzled from Fleet] was spent on every day living expenses." The PSR noted that Murray was 44 years old at the time of sentencing, and that she was married with two stepchildren, ages 17 and 18. The PSR indicated that Murray is a high school graduate, and that she had worked at Fleet for 26 years. Murray's husband was working at the time of sentencing, earning $9.00 per hour as a truck driver and maintenance worker, although he had "a history of sporadic employment." The PSR indicated that the joint monthly expenses of Murray and her husband exceeded their monthly income when the minimum installment payments on the outstanding debts that they owed were included.
 
 
 7
 At the sentencing proceeding, the government stated that the amount of loss suffered by Fleet had been revised from $278,000 to $274,400. The government also noted that its review of Murray's financial records indicated that the embezzled money "was spent on daily living expenses." Neither party objected to the content of the PSR, and the district court adopted the PSR's findings of fact. The district court then sentenced Murray principally to a 14-month term of imprisonment. In addition, "[a]fter considering the factors set forth in [18 U.S.C. § 3664(a) ]," the district court imposed restitution in the amount of $274,400. The district court noted that Murray was "still a relatively young woman" and that "she should be able to have some ability to maybe make this payment."
 
 
 8
 On appeal, Murray contends that the district court abused its discretion in imposing restitution in the amount of $274,400. We disagree. "[A] restitution order will not be disturbed absent abuse of discretion." United States v. Lavin, 27 F.3d 40, 42 (2d Cir.), cert. denied, 115 S.Ct. 453 (1994). According to 18 U.S.C. § 3664(a), in determining whether to order restitution and the amount of restitution, a sentencing court
 
 
 9
 shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 10
 "However, there is no requirement that specific findings be made on each factor because such fact finding would unnecessarily encumber a sentencing proceeding." United States v. Gelb, 944 F.2d 52, 56 (2d Cir.1991) (quotation omitted). We have stated that "the district judge need only consider the listed factors, and a statement that the district judge has considered the statutory factors is sufficient." Id. at 56-57 (quotation and citation omitted).
 
 
 11
 In the present case, the district court expressly stated that it was imposing restitution "[a]fter considering the factors set forth in [§ 3664(a) ]." Accordingly, the district court made the necessary statement that it had considered the statutory factors.
 
 
 12
 Nonetheless, Murray argues that the district court abused its discretion in ordering restitution in the amount of $274,400 in view of her indigency. We have stated, however, that "[i]t is well established that the indigency of a defendant does not per se preclude the ordering of restitution." United States v. Porter, 41 F.3d 68, 70 (2d Cir.1994). "The fact that [a defendant] may have limited financial resources does not render the order of restitution an abuse of discretion. Even an indigent defendant may be subject to the duty to pay restitution when and if funds are eventually acquired." United States v. Mortimer, 52 F.3d 429, 436 (2d Cir.), cert. denied, 116 S.Ct. 208 (1995). In United States v. Atkinson, 788 F.2d 900 (2d Cir.1986), we stated that, "[a]lthough there may be little chance that it will ever be made, if full restitution is not ordered at the time of sentencing, an indigent defendant would evade the statutory purpose of making the victim whole in the event he should subsequently come into sufficient funds." Id. at 904.
 
 
 13
 In the present case, the district court noted that Murray was "still a relatively young woman" and that "she should be able to have some ability to maybe make this payment." In view of the fact that Murray should be able to obtain a job following her release from prison and the fact that her husband should be able to help provide support, we think that the district court did not abuse its discretion in ordering restitution in the amount of $274,400.