**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JERRY FOWLER,

      Defendant - Appellant.

No. 96-6398
(D.C. No. 96-CR-50)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

    Jerry Fowler pled guilty to conspiracy to defraud the United States and the

Internal Revenue Service by filing for and obtaining false, fictitious and

fraudulent income tax refunds in violation of 18 U.S.C. §§ 286 and 2 for acts

which occurred in 1994.  Fowler was sentenced to 21 months' imprisonment,

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

three years' supervised release, restitution in the amount of $7,458.00, and a $50.00 special assessment.  No fine was imposed.

The sole issue on appeal is whether the district court abused its discretion in ordering restitution, considering Fowler was serving a life sentence imposed in 1971 and had a limited ability to pay.  We hold that it did not, and affirm.

We review the district court's factual finding underlying the restitution order for clear error.  United States v. Teehee, 893 F.2d 271, 273-74 (10th Cir. 1990).  We review the amount of the restitution order for an abuse of discretion. United States v. Richard, 738 F.2d 1120, 1122 (10th Cir. 1984).

Fowler contends that, in imposing restitution, the district court failed to consider his financial condition and the resulting restitution order was inconsistent with his ability to pay.  Restitution orders are governed by 18 U.S.C. §§ 3663-3664 and U.S.S.G. § 5E1.1.  Section 3664(a), prior to the 1996 amendments,[1] provided that when determining the appropriate amount of restitution the sentencing court "shall consider . . . the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate."

_____

[1]Section 3664(a) was modified by the Mandatory Victims Restitution Act of 1996, which was enacted as Title II, Subtitle A of the Antiterrorism and Effective Death Penalty Act of 1996, and became effective April 24, 1996.  The appellant relies on the old amendments and both parties filed their briefs thereunder.

We are satisfied that the district court considered these factors and that its decision to impose restitution was reasonable.

Fowler's employment history and financial circumstances were documented in the Presentence Report, which indicated that employment opportunities exist at the correctional facility where he is currently incarcerated. The Presentence Report also stated that "[e]mployees at the facility reportedly have not seen the defendant perform any work." III R. at 10. Fowler, however, objected to the assertion that he did not work while in prison. III R. at 15.

Based upon a consideration of these facts, the district court determined that Fowler was able to pay restitution, stating,

> The Court would find that Mr. Fowler appears to be an able-bodied individual, capable of performing most work and as a matter of fact, I believe in the pre-sentence investigation report stated that he did work, and one of the objections to the report was regarding the work issue.

II R. at 7.

We are satisfied that the district court met the requirements of 18 U.S.C. § 3664(a) in determining the appropriate amount of restitution. We are also satisfied that there is sufficient evidence to establish that Fowler has the ability to pay. We hold that the district court did not abuse its discretion in ordering restitution in the amount of $7,458.00.

Accordingly, we AFFIRM the district court's order of restitution.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge