**UNITED STATES of America, Appellee,**

v.

**William T. McMICHAEL, Jr., Appellant.**

**No. 82–5213.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1982.

Decided Feb. 3, 1983.

John G. Colan, Richmond, Va., for appellant.

Patricia A. Kerwin, Asst. U.S. Atty., Richmond, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

William T. McMichael, Jr., appeals from a judgment of conviction and probation order requiring him, as a special condition of probation, to make restitution to the Bank of Virginia in the amount of $14,119.06. Finding that the district judge did not exceed his authority in ordering restitution, we affirm.

I.

The facts of this case are not in dispute. Appellant, William T. McMichael, Jr., was charged in a 15-count indictment of embezzling $8,635.50 from the Bank of Virginia in violation of 18 U.S.C. § 660. Specifically, under Paragraph 1 of the indictment, the grand jury charged:

That from on or about May 7, 1979 and continuously thereafter, to and including June 30, 1980, in the vicinity of Ashland, Virginia, in the Eastern District of Virginia, and elsewhere, and within the jurisdiction of this Court, WILLIAM T. McMICHAEL, JR., Defendant herein, being a director, officer and manager of Virginia Transportation, a firm, association and corporation engaged in commerce as a common carrier and interstate commerce, did willfully, knowingly and intentionally embezzle, steal, abstract and willfully misapply money, funds, credits, securities, property and assets of such firm, association and corporation arising from, accruing from and used in such commerce in whole and in part and willfully and knowingly convert the same to his own use and the use of another.

Paragraph 2 of the indictment incorporated all of the allegations of Paragraph 1 by reference and set forth the exact amounts alleged to have been embezzled in Counts numbered 1 through 15. As a result of a plea agreement, McMichael pleaded guilty to Counts 1, 2, and 3, which charged him with embezzling a total of $1,243.00, in exchange for the dismissal of the remaining counts.

On June 22, 1982, McMichael appeared before the district court for sentencing at which time the sentencing judge advised McMichael that he was considering imposing an order of restitution as a special condition of his sentence. The judge then recessed the proceedings to allow time for McMichael, his attorney, and the government's attorney to determine how much had been embezzled and whether McMichael would be willing to repay that amount. When the parties returned, McMichael's counsel advised the court that his client would agree to an order of restitution and that the amount of restitution should be $14,119.06. McMichael, himself, stated that the Bank of Virginia was entitled to at least $14,119.06 in restitution and that he wanted the court to order the repayment of that amount as a condition of probation. Consequently, the judge sentenced McMichael to 24 months imprisonment, suspend-

ing all but four months of that sentence. Additionally, McMichael was placed on four years probation to commence at the end of his imprisonment and, as a special condition of probation, ordered to make restitution to the Bank in the sum of $14,119.06 during the probationary period. From that order, McMichael appeals.

## II.

The authority of a federal judge to suspend the sentence of a convicted defendant and place him on probation lies in the Federal Probation Act, 18 U.S.C. § 3651. That statute provides, in relevant part, that:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\* \* \* \* \* \*

While on probation and among the conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had....

On this appeal, McMichael contends that the sentencing judge exceeded his authority under this statute by ordering restitution which exceeded both the amounts that he pleaded guilty to in Counts 1, 2, and 3 and the total amount which he was accused of embezzling in the full indictment. We cannot agree.

The opening sentence of the Probation Act states that the sentencing judge is authorized to place a convicted defendant on probation "upon such terms and conditions as the court deems best." This clearly places the decision of what conditions to impose on the probationer within the trial judge's broad discretion.

The statute further states, by way of example, that among other conditions the court may order a defendant to repay the aggrieved party "for actual damages or loss caused by the offense for which conviction was had." It is this phrase which the appellant contends limits restitution to the amount in the counts for which defendant is convicted or at least to the amount allegedly embezzled in the full indictment. We believe, however, that McMichael reads this clause too narrowly. The only limitation on the sentencing judge is that the damages or loss which the defendant can be ordered to repay are those which were directly caused by the offense for which the defendant was indicted. Beyond that, the amount of restitution ordered is only limited by the amount which the evidence proves was lost by the aggrieved party.

The limitations on the district court, we think, have already been established by our earlier decisions in *United States v. Vaughn,* 636 F.2d 921 (4th Cir.1980), and *United States v. Taylor,* 305 F.2d 183 (4th Cir.), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962). In *Vaughn* we held that the Probation Act does not authorize reimbursement to the government for the cost of investigating a defendant's tax evasion because, although the government was the aggrieved party, the type of loss contemplated by the Act was the unpaid taxes, not the cost of the investigation. As we stated in *Vaughn,* 636 F.2d at 923, had the crime been one of fraud practiced upon a private party, "the 'actual damage or loss caused by the offense' would clearly be the amount of money or the value of the property of which the victim had been defrauded."

In *Taylor* a defendant who had been indicted on, and pleaded guilty to, two counts of failure to file tax returns for 1956 and 1957 and who had been tried and convicted on one count of evading taxes for 1955 was ordered to pay the government a sum representing all unpaid taxes for the years 1952 through 1960. Since the only evidence of the amount of taxes actually due during that period was the amount that defendant declared for 1958 through 1960, we held that:

In ordering restitution to the Government, the District Judge is limited to the amount of the basic tax for the year 1955, not exceeding the amount stated in the indictment, plus interest and fraud penalties for that year as authorized by statute. *The judge could, however, properly require, as a condition of probation, payment of those taxes reported by the defendant as due for 1958, 1959 and 1960 since such liability is admitted and no question of restitution of fraudulently evaded taxes would be involved....* [A]t the time of sentence payment of any taxes allegedly due for the years prior and subsequent to the year 1955 and undetermined as to amount may be required as a condition of probation only after such taxes are legally determined during the probationary period to be owing and collectible.

305 F.2d at 187 (emphasis supplied). Consequently, as a result of *Vaughn* and *Taylor,* actual damages directly caused by the illegal activity with which a defendant is charged may be ordered to be repaid under the Probation Act whenever the amount of the loss is legally determined. This is the rule regardless of the amount charged in the full indictment or in the individual counts on which a defendant is convicted.

In the instant case, the offense charged was McMichael's embezzlement of funds from the Bank of Virginia. As part of a plea agreement, he pleaded guilty to three counts and, thereafter, freely admitted the amount which he embezzled. Consequently, the amount of the loss is certain and there is no dispute that McMichael's actions were the direct cause of the loss. Therefore, under the Probation Act the sentencing judge was authorized to order, in his discretion, the repayment of any amount up to the sum of $14,119.06 which McMichael admitted embezzling. He chose to order restitution of the full amount and, in the absence of any abuse of discretion, that decision should not be disturbed.

### III.

Accordingly, for the foregoing reasons, the order of the district court requiring the

defendant to make restitution to the Bank of Virginia in the sum of $14,119.06 is hereby affirmed.

AFFIRMED.