**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jeanne P. JOHNSON, Clarence A. Johnson, Defendants-Appellants.**

**No. 82–8210.**

United States Court of Appeals, Eleventh Circuit.

March 17, 1983.

---

Frank P. Samford, Decatur, Ga., for defendants-appellants.

Gale McKenzie, Sp. Asst. U.S. Atty., U.S. Dept. of Justice, Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and PITTMAN *, District Judge.

PER CURIAM:

Clarence and Jeanne Johnson were convicted of multiple counts of mail fraud and making false statements to the government in connection with obtaining private and government funding for the operation of Allied Community Services, Inc., a private nonprofit contract agency formed to engage in public charity to combat poverty. 18 U.S.C.A. §§ 1341, 1001. Defendants diverted much of the money to their personal use. Clarence Johnson appeals his conviction on one count, asserting insufficiency of evidence. The primary challenge on appeal made by both Johnsons, however, is that the district court's requirement that each defendant make restitution in the amount of $150,000 to Allied's successor organization, as a condition for a suspended sentence and probation, is unsupported by the law and the evidence. Since the court's findings are insufficient to review this latter contention properly, we remand for further proceedings.

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

■ As to Clarence Johnson's challenge to his count 14 conviction, we affirm for two reasons: first, we need not decide the issue because the defendant received a concurrent, identical five-year sentence for other unchallenged counts. The conviction for count 14 resulted in a two-year sentence, which the court suspended, placing Johnson on probation for five years. Similarly, Johnson's convictions on counts 26 and 27 produced two two-year sentences to run concurrently with the count 14 sentence. Like the count 14 sentence, both two-year sentences on counts 26 and 27 were suspended with Johnson placed on probation for five years. At oral argument, counsel for Clarence Johnson acknowledged that reversal of the count 14 conviction could not lessen the time of incarceration or probation. Appellate courts generally have refused to review a conviction when the sentence is concurrent with that for another unchallenged or upheld conviction. *United States v. Buchanan,* 544 F.2d 1322, 1325 (5th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2953, 53 L.Ed.2d 1080 (1977); *United States v. Easterly,* 444 F.2d 1236, 1240 (5th Cir. 1971).

■ Second, the evidence and the law tend to support the conviction. Count 14 charged various individuals with causing a letter to be sent to the Georgia Department of Human Services containing false information on receipts and expenditures in relation to the provision of child care services. The indictment alleged that the letter had been mailed as part of the general scheme to defraud the government and Allied. Johnson does not dispute this point. Nor does he argue with the accusation that the letter provided false data. He simply claims to have had nothing to do with the letter. When a defendant is proved to be a participant in a scheme to defraud and a document is mailed in furtherance of the scheme, however, he may be convicted of mail fraud, or at least of aiding or abetting the fraud, 18 U.S.C.A. § 2, even if he did not personally mail the document. *See United States v. Joyce,* 499 F.2d 9, 16 (7th Cir.) (a member of a mail fraud scheme is responsible for any letter which any other member of the scheme causes to be mailed in execution of the scheme), *cert. denied,* 419 U.S. 1031, 95 S.Ct. 512, 42 L.Ed.2d 306 (1974); *Sherwood v. United States,* 300 F.2d 603, 605 (5th Cir.) (use of mails by fellow members of scheme may be attributed to defendant and render him guilty of mail fraud), *cert. denied,* 371 U.S. 838, 83 S.Ct. 65, 9 L.Ed.2d 74 (1962).

■ With respect to the required restitution, we are unable to discern whether the order is appropriate. Under 18 U.S. C.A. § 3651, a court may condition probation upon the convicted defendant's making "restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." The amount of restitution cannot exceed the actual losses flowing from the offense for which the defendant has been convicted. *See United States v. Tiler,* 602 F.2d 30, 33 (2d Cir.1979); *United States v. Boswell,* 565 F.2d 1338, 1343 (5th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978). In a multiple count indictment, restitution is restricted to the counts that result in conviction. *See Karrell v. United States,* 181 F.2d 981, 987 (9th Cir.1950). The order can require restitution only to the damaged party. *See Higdon v. United States,* 627 F.2d 893, 899 n.14 (9th Cir.1980).

■ In this case, we cannot ascertain what the district court relied on in arriving at the figure of $150,000 for each defendant. We cannot easily determine whether Allied, whose successor organization is the beneficiary of the restitution order, lost $300,000 and, if so, whether the losses are attributable to the counts for which appellants were convicted, not those for which the Johnsons were acquitted or mistried. We therefore vacate this portion of the sentence and remand to the district court to reconsider the propriety and amount of the restitution order, and to specify the bases for its determination. If the defendants had approached this problem under Fed.R. Crim.P. 35, this information probably would be in the record. *See United States v. Weiner,* 418 F.2d 849, 851 (5th Cir.1969). It

appears under the law, however, that the issue can be asserted on direct appeal and that we have jurisdiction to consider it. *See United States v. Rosenbarger,* 536 F.2d 715, 722 (6th Cir.1976) (issue regarding defect in sentence may be resolved on direct appeal without waiting for a Rule 35 motion to be filed), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); *cf. United States v. Resnick,* 483 F.2d 354, 358–59 (5th Cir.) ("declin[ing]" to consider challenge to constitutionality of sentence until district court ruled on the issue under Rule 35), *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973). On remand, the district court may entertain such arguments as would be appropriate in a Rule 35 proceeding. *See United States v. Horton,* 646 F.2d 181, 189 (5th Cir.) (remanding to district court for Rule 35 proceeding), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 388 (1981), 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982). The district court should reenter such sentences as it determines to be appropriate and certify its decision to this panel for further review of the contentions of the parties.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.