**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raymond W. VANCE, Defendant–Appellant.**

No. 88–1224.

United States Court of Appeals, Tenth Circuit.

Feb. 21, 1989.

Carl Hughes (Michael E. Grant, Oklahoma City, Okl., with him on the briefs), Oklahoma City, Okl., for defendant-appellant.

David O'Meilia (Tony M. Graham, U.S. Atty., and Susan W. Pennington, Asst. U.S. Atty., on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before LOGAN, SETH and TACHA, Circuit Judges.

TACHA, Circuit Judge.

■ This appeal is from an order of the district court requiring defendant Raymond Vance to pay restitution in the amount of $212,098.35 to the Bank of Oklahoma, and $42,610.93 to the Century National Bank of Oklahoma. Both banks are located in Pryor, Oklahoma. The issue raised on appeal is whether the district court abused its discretion in ordering restitution for the amount of the total loss to the banks, rather than limiting restitution to the amounts directly associated with the two counts of the indictment to which Vance pleaded guilty. We hold that the district court did not abuse its discretion in issuing the restitution order and affirm.

Vance owned and operated a recreational vehicle sales lot in Chouteau, Oklahoma. In 1985 Vance entered into a floor plan financing agreement with the Bank of Oklahoma (BOK). The agreement provided that BOK would finance 100 percent of the purchase price of certain recreational vehicles in exchange for a security interest in those vehicles. Upon the sale of a vehicle, Vance was to reimburse BOK the amount of money borrowed for that vehicle including interest. Vance secured a similar financing arrangement with the Century National Bank of Oklahoma (Century Bank), also located in Pryor, Oklahoma. Pursuant to a floor plan agreement, Century Bank also financed the purchase price of recreational vehicles in exchange for Vance's execution of a promissory note and security interest agreement in favor of Century Bank.

Vance violated the terms of the floor plan agreements by selling vehicles covered by the plans and failing to remit the proceeds to BOK and Century Bank. Vance was indicted on six counts of bank fraud under 18 U.S.C. § 1344.[1] Each count

---

1. Section 1344, in relevant part, imposes criminal penalties upon one who "knowingly executes, or attempts to execute, a scheme or artifice ... to defraud a federally chartered or

of the indictment recited a vehicle that was sold in violation of one of the floor plan agreements. Vance entered a plea of guilty to Counts II and VI of the indictment pursuant to a plea agreement with the United States Attorney. All other counts of the indictment were dismissed. The judgment of the district court imposed a suspended sentence of five years and ordered as a condition of probation that Vance make restitution for the full loss sustained by the two banks as a result of the entire scheme covered by the original indictment: $212,098.35 to BOK and $42,-610.93 to Century Bank.[2]

Counts II and VI of the indictment related to specific vehicles involved in the fraudulent scheme. The total loss related to those vehicles was $28,600. Vance challenges the restitution order, claiming that it should have been limited to the $28,600 directly associated with Counts II and VI of the indictment.

The Government argues that Vance failed to object to the court's order of restitution at sentencing and therefore waived his right to review. The sparse record designated in this case makes it impossible to determine whether Vance effectively waived his right to review. Because the imposition of an illegal sentence would constitute plain error, we assume but do not decide that the objection was preserved for review by this court. *See* Fed.R.Crim.P. 52(b); C. Wright, 3A *Federal Practice and Procedure*, § 851, at 294–95 (2d ed. 1982).

The imposition of restitution rests within the discretion of the trial court. *See Herzfeld v. United States Dist. Court*, 699 F.2d 503, 505–06 (10th Cir.), *cert. denied*, 464 U.S. 815, 104 S.Ct. 70, 78 L.Ed.2d 84 (1983). A restitution order will not be overturned absent an abuse of discretion. *Cf. United States v. Richard*, 738 F.2d 1120, 1122 (10th Cir.1984) (discussing review of restitution order under VWPA).

The Probation Act provides, in relevant part, as follows:

> Upon entering a judgment of conviction ... any court ... when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
>
> ....
>
> The period of probation ... shall not exceed five years.
>
> While on probation and among the conditions thereof, the defendant—
>
>> May be required to pay a fine in one or several sums; and

---

insured financial institution." 18 U.S.C. § 1344(a).

**2.** The district court's order does not specify whether the condition of probation was imposed under the relevant provision of the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3579 (renumbered as 18 U.S.C. § 3663 effective November 1, 1986), or the relevant provision of the Probation Act, 18 U.S.C. § 3651 (repealed effective November 1, 1987). This circuit recently held that a victim's recovery under the VWPA is not limited to the amount charged in the indictment relating to particular counts of the offense. *United States v. Hill*, 798 F.2d 402, 405 (10th Cir.1986). Thus, if the judge proceeded under the VWPA, he was well within his discretion to order restitution for the full amount of loss to the banks.

The district judge, however, did not mention the VWPA and did not make any of the detailed factual findings that are required under that Act. Additionally, the court's judgment parallels the structure and requirements of the Probation Act. Section 3651 limits probation to five years and makes restitution, within the discretion of the court, a "condition thereof." The court's judgment stated that "you [Vance] will be placed on probation for a period of five years with the special condition thereto that you make restitution."

The Seventh Circuit recently discussed the interplay between the two acts. "The VWPA does not supersede section 3651; rather, it complements the section. Thus, restitution as a condition of probation still is governed by section 3651 while restitution as part of an executed sentence is available for offenses committed after January 1, 1983 under section 3579." *United States v. Mischler*, 787 F.2d 240, 245 (7th Cir.1986) (footnote omitted). Because the district judge did not make the findings necessary under the VWPA, and the sentencing order echoed the Probation Act by imposing restitution as a condition of probation, we assume that the district judge ordered restitution under section 3651.

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had. . . .

18 U.S.C. § 3651 (repealed effective November 1, 1987).

The issue here is whether the phrase "caused by the offense for which conviction was had" limits the discretion of the trial judge to order that the defendant pay restitution only for the amounts associated with the counts to which the defendant pleaded guilty. We decline to follow the circuits that define that phrase in such narrow terms. *See, e.g., United States v. Black*, 767 F.2d 1334, 1342–44 (9th Cir.), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985); *United States v. Johnson*, 700 F.2d 699, 701 (11th Cir.1983).[3] We join the Third, Fourth, and Seventh Circuits, which hold that when the original indictment charged a conspiracy or fraudulent scheme, the restitution order may permissibly encompass all losses related to the scheme or conspiracy and need not be limited to those associated with the counts to which the defendant pleaded guilty. *See United States v. Woods*, 775 F.2d 82, 88 (3d Cir.1985); *United States v. McMichael*, 699 F.2d 193, 195 (4th Cir.1983); *United States v. Davies*, 683 F.2d 1052, 1054 (7th Cir. 1982).

Here, Vance perpetrated a scheme to defraud BOK and Century Bank. Although the scheme was furthered by separate acts of failing to report the sales of specific recreational vehicles in violation of the floor plan agreements, "[i]t is the overall scheme that is central to all the counts [charged in the indictment] and gives rise to the victims' financial loss." *United States v. Woods*, 775 F.2d at 88. We therefore hold that the scheme as a whole may be treated as a unitary offense for the purpose of determining restitution under section 3651.

Restitution under the Probation Act "serves an important rehabilitative function because it requires a defendant to acknowledge guilt and accept responsibility for his or her actions." *United States v. Whitney*, 785 F.2d 824, 825 (9th Cir.1986), *amended*, 838 F.2d 404 (9th Cir.1988) (amendment not affecting quoted portion); *see also Davies*, 683 F.2d at 1055. In our view, interpreting the term "offense" broadly to encompass all the acts of a scheme to defraud—thereby permitting a sentencing judge to order restitution up to the entire amount associated with the fraudulent scheme rather than limiting restitution to the amounts associated with the counts to which a defendant pleaded guilty —furthers the rehabilitative purposes of the Probation Act.

Furthermore, a broad interpretation of the scope of the sentencing judge's discretion under the Probation Act avoids unnecessary restrictions in the plea bargaining process. We agree with the Seventh Circuit that:

Restriction of restitution as proposed by the defendant would severely restrict plea-bargaining in multicount indictment cases, because the Government would be prohibited from entering plea bargains as to some counts if that would eliminate restitution for further illegal proceeds, even though receipt of such proceeds was acknowledged by the defendant, as here. It would also require the Government to obtain indictments with hundreds of counts in cases … where the scheme is one of widespread but individually small acts of fraud.

*Davies*, 683 F.2d at 1055.

In *Davies* the defendant pleaded guilty to two counts of a multicount indictment for mail fraud. The court held that restitution could properly be awarded

in the amount of actual damage and loss to the victim, even if that exceeds the amount in the counts pleaded to, when (a) the defendant has obtained the pro-

---

**3.** The Eleventh Circuit remanded *Johnson* to assure that restitution was not awarded for counts to which defendants were acquitted or mistried. Although not presented for review here, we do not reject the portion of the holding suggesting that an acquittal may be enough to bar restitution.

ceeds as part of an ongoing scheme to defraud which extends over time, and (b) the amount of the damages to the victim has been established with specificity and admitted to by the defendant in the indictment, the plea agreement, and plea and presentence proceedings.

*Id.* at 1054.

In this case, Vance obtained proceeds as part of an ongoing scheme to defraud BOK and Century Bank. Vance does not contest the amount owed to either bank. Further, the plea agreement between Vance and the Government clearly stated that sentencing discretion remained with the trial court:

> There are no agreements whatsoever as to what sentence your client will or should receive pursuant to the plea agreement. *In other words, sentencing will remain in the total discretion of the trial court judge.* Accordingly, pursuant to the terms of this agreement, your client faces a maximum punishment of ten (10) years' imprisonment and/or faces the imposition of a maximum fine of $500,000.00 and a $100 special assessment. Finally, there will be no agreements or understandings regarding this plea agreement other than those set forth in this document.

(emphasis in original). We therefore hold that the district court did not abuse its discretion in ordering restitution for the entire amount Vance obtained in the fraudulent scheme.

Although the court can properly order restitution in an amount representing the total loss to the victims of a crime under the Probation Act, the federal rules may require that the defendant first be given notice that restitution is a possibility prior to entering a guilty plea. *See* Fed.R.Crim. P. 11(c). A 1985 amendment to rule 11 requires that before accepting a plea of guilty, in addition to informing the defendant of the possible maximum penalty and the mandatory minimum penalty, the judge must inform the defendant, and determine that the defendant understands, "that the court may also order the defendant to make restitution to any victim of the offense."[4]

■ Again, the sparse record designated in this case makes it impossible to determine whether the judge informed Vance of the possibility of restitution under the Probation Act at the time of taking the plea. Assuming that the judge failed to inform Vance of the possibility of restitution, we

---

4. Rule 11(c) provides in relevant part that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense...." Fed.R.Crim.P. 11(c). The adoption of the VWPA appears to be the reason for amending rule 11. *See* Fed.R.Crim.P. 11 advisory committee's note (1985 amendment). It is not clear, however, what effect this amendment was intended to have regarding the Probation Act. Although the language of rule 11 fails to distinguish between restitution under the VWPA and under the Probation Act, it does specifically state that the judge is required to give notice when restitution "may *also*" be ordered. Fed.R.Crim.P. 11(c)(1) (emphasis added). This may be interpreted to require that the judge inform the defendant of restitution only when there is a possibility of restitution *in addi-*

*tion to* the mandatory minimum or possible maximum penalty provided for the offense to which the defendant is pleading. The VWPA authorizes restitution in addition to any other penalty provided by law. Alternatively, the Probation Act authorizes restitution only as a condition of probation arising from the suspension of the imposition or execution of the defendant's sentence. Hence, under the VWPA, restitution may be ordered in addition to a sentence, while under the Probation Act, restitution may be ordered only in lieu of the sentence.

The fact that at the time of the 1985 amendment the Probation Act was scheduled to be repealed on November 1, 1986, *see* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. 2, § 212(a)(2), 98 Stat.1976, 1987, may explain the failure to mention the rule's effect on notice under the Probation Act.

At least one circuit has noted the requirement of informing the defendant of the possibility of restitution under rule 11 without distinguishing between restitution under the VWPA and restitution under the Probation Act or deciding explicitly whether the rule 11 requirement applies to both. *See United States v. Grewal,* 825 F.2d 220 (9th Cir.1987).

hold any such error to be harmless.[5] *See United States v. Pomazi*, 851 F.2d 244, 251 (9th Cir.1988) (failure to give notice of restitution under VWPA held harmless when defendant had prior notice of possible *fine* in excess of restitution amount ultimately ordered.)

Here, Vance's petition to enter a plea of guilty specifically states that his attorney informed him of the possibility of restitution under the VWPA. Vance was therefore clearly aware of the possibility of restitution despite any lack of formal notice from the court. There is nothing in the record to indicate that Vance's plea would have been different had the court notified him of restitution under the Probation Act. Further, Vance was informed of a possible *fine* of $500,000 in the plea agreement letter, an amount well below the $254,709.28 restitution amount ultimately ordered, and Vance was specifically on notice that sentencing would remain "in the total discretion of the trial court judge." The district court's order that Vance pay restitution as a condition of probation is therefore AFFIRMED.

LOGAN, Circuit Judge, dissenting:

I respectfully dissent. The language of the Federal Probation Act, 18 U.S.C. § 3651, is clear: restitution may be ordered only for damages "caused by the offense for which conviction was had." Here, conviction was had on the two counts to which Vance pleaded guilty, and the plain language of the statute limits restitution to damages charged in those two counts.[1] Conviction was not had, and could not be had, on the four counts that were dismissed. *See United States v. Orr*, 691 F.2d 431, 432 (9th Cir.1982) ("restitution [can] be ordered only for amounts in counts upon which conviction was had and not for amounts set forth in dismissed counts, since a conviction for a greater amount could not have been had"). When the

meaning of a criminal statute is plain, the statute will not be construed to include anything beyond its letter. *See, e.g., United States v. Sparrow*, 635 F.2d 794, 796 (10th Cir.), *cert. denied*, 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 209 (1980). And doubts about the meaning of a criminal statute are resolved in favor of the defendant. *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971). The majority's construction violates these rules.

The majority does not rely upon any legislative history to circumvent the plain language of § 3651; it does so by focusing on the word "offense," ignoring the words "for which conviction was had," concluding that the "offense" was the total scheme to defraud the banks. But a conviction was not had for the total "offense," even giving that word a broad interpretation, because the government voluntarily dismissed four counts of the indictment constituting part of the "offense."

If the term "offense" is not limited by the "conviction was had" phrase, there is nothing in the unitary scheme theory to prevent an order of restitution based on counts for which the defendant was acquitted. Although the majority appears to disclaim such a result by noting that "acquittal *may* be enough to bar restitution," *ante* 1170 n. 3 (emphasis added), the logic of its interpretation of § 3651 is to the contrary. I do not see how the "conviction was had" words of limitation can be read out the section when dealing with a plea bargain and read back in when dealing with an acquittal. All of the cases I have found that directly confront the issue have held that an acquittal bars restitution on the particular count under § 3651. *United States v. Pollak*, 844 F.2d 145, 152 (3d Cir.1988) (using unitary scheme notion to award restitution on counts on which defendant was acquitted "would be at odds with the significance of an acquittal in our

---

**5.** Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).

**1.** A guilty plea is "itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *see also United States v. Crockett*, 812 F.2d 626, 629 (10th Cir.1987).

criminal jurisprudence") (footnote omitted); *United States v. Johnson,* 700 F.2d 699, 701 (11th Cir.1983) ("In a multiple count indictment, restitution is restricted to the counts that result in conviction," not those for which the defendants "were acquitted or mistried."); *United States v. Brown,* 699 F.2d 704, 711 (5th Cir.1983).

I also believe that our prior case law at least implicitly accepts the narrower reading I would give § 3651. *United States v. Hill,* 798 F.2d 402, 405 (10th Cir.1986), involved the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3579(a) (now codified at 18 U.S.C. § 3663(a)). We there held that restitution under the VWPA was not limited to amounts specified in the indictment or particular counts of an offense, but we stressed that "the VWPA does not contain [§ 3651's] limiting language." 798 F.2d at 405. We also stated that the main objective of the VWPA is *compensatory* and that the "decision of a prosecutor to indict a defendant and the manner in which a defendant is indicted have little, if anything, to do with the objectives of the VWPA." *Id.* Finally, we noted that "[w]hile the VWPA provisions provide the district courts greater latitute in compensating crime victims, the VWPA also imposes several procedural requirements which were not in effect under the Federal Probation Act." *Id.* at 406.

The VWPA does have a number of protections not present in § 3651, which justifies a very different construction of the two acts. Under the VWPA the court, in determining whether to order restitution, considers in addition to the amount of the victim's loss, "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). Before the court acts it must disclose this information to the defendant, and "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." *Id.* § 3664(c) & (d).

I believe that departure from the plain meaning of the statute to permit a restitution order in excess of the amounts charged in the counts on which there was conviction can only be justified on the basis of enforcing a bargain struck by agreement between the defendant and the government. *See, e.g., United States v. Suter,* 755 F.2d 523, 527 (7th Cir.), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985); *United States v. Green,* 735 F.2d 1203, 1205 (9th Cir.1984); *United States v. Davies,* 683 F.2d 1052, 1053, 1055 (7th Cir.1982); *Phillips v. United States,* 679 F.2d 192, 194 (9th Cir.1982). Requiring the agreement of the defendant ensures that the decision is a voluntary and knowing waiver of important rights. *See Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712.

There can be no explicit bargain without a meeting of minds. Therefore, I could not hold that lack of notice to Vance on the amount of restitution he might be required to pay in excess of that set out in the counts to which he pleaded guilty could be harmless error. The circuits adopting the majority's view of § 3651 might not require an explicit agreement to the larger restitution total, but they clearly require more specific notice of the amount of restitution that might be ordered than Vance received here.[2] The Seventh Circuit's rule implementing the unitary scheme theory, enunciated in *United States v. Davies,* 683 F.2d 1052 (7th Cir.1982), and quoted by the majority, presupposes notice to the defendant of the amount he may be called upon to pay. *See id.* at 1054 (amount of damages must be "admitted to by the defendant in the indictment, the plea agreement, and plea and presentence proceedings"). In *Davies,* the plea agreement itself provided for restitution as a condition of probation

---

2. The plea agreement was on a standardized printed form containing several pages, only part of which would be applicable to Vance. On page 3 the form referenced that Vance might have to pay restitution under the VWPA; on page 2 it stated he might be subject to a fine as high as $500,000. The form said nothing about § 3651 or any amount of restitution. R. Tab Min 12/14 Plea Agreement at 2, 3.

and the defendant acknowledged the amount of loss caused by his fraud before the court accepted his plea. *Id.* at 1053, 1055; *see also United States v. Paul,* 783 F.2d 84, 88–89 (7th Cir.1986) (possibility of restitution was raised and discussed during plea hearing; restitution order modified on appeal to conform to amount defendant admitted during plea hearing).

In *United States v. Woods,* 775 F.2d 82, 83 (3d Cir.1985), relied on by the majority, "the likelihood of a restitution order and its extent were fully explained to [the defendant] by the district court before accepting the plea." In rejecting the defendant's contention that he should be permitted to withdraw his guilty plea, the Third Circuit stated that

"there can be no question on this record but that defendant was told in unequivocal terms that restitution would be imposed as a part of probation. The lengthy colloquy before the plea was accepted could not be clearer. It is also significant that after the district court stated its intention to impose restitution, it afforded the defendant an opportunity to withdraw his plea and go to trial. Thus, the court did not accept the plea until after the defendant indicated he understood that restitution would be ordered and that he had the option of asking for a trial."

*Id.* at 86. The implicit notice requirement of *Woods* was formalized in *United States v. Hawthorne,* 806 F.2d 493 (3d Cir.1986). In *Hawthorne,* the Third Circuit held that

"[W]here a plea is sought on a count(s) on which restitution in an amount exceeding that charged in the particular count(s) may properly be imposed, the government must in the course of negotiating the plea, inform the defendant of the possibility that restitution will be required so as to afford the defendant a full opportunity to assess adequately all the consequences prior to entering a plea of guilty. In the absence of a provision for restitution in the plea agreement, the district court must, prior to accepting the plea, inform the defendant of the possi-

bility of its imposition before a subsequent order of restitution in an amount exceeding that charged in the count(s) to which the defendant pleaded may be sustained."

*Id.* at 499.

The majority also relies on the Fourth Circuit's opinion in *United States v. McMichael,* 699 F.2d 193 (4th Cir.1983). In *McMichael,* although restitution apparently was not mentioned until the sentencing hearing, the district court

"recessed the proceedings to allow time for McMichael, his attorney, and the government's attorney to determine how much had been embezzled and whether McMichael would be willing to repay that amount. When the parties returned, McMichael's counsel advised the court that his client would agree to an order of restitution and that the amount of restitution should be $14,119.06. McMichael, himself, stated that the Bank of Virginia was entitled to at least $14,119.06 in restitution and that he wanted the court to order the repayment of that amount as a condition of probation."

*Id.* at 194.

Section 3651 has now been repealed, and perhaps because of that this case is of no great moment except to Vance. But I write in dissent because legal principles applicable to the construction of criminal statutes and procedural protections are slighted by the majority opinion. I would limit the restitution order to the amounts expressed in the counts to which Vance pleaded guilty.