885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip G. NIEBERGALL, Defendant-Appellant.
 No. 89-5010.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided Aug. 31, 1989.
 
 William David Levine (Marshall & St. Clair on brief) for appellant.
 Mary Stanley Feinberg, Assistant United States Attorney (Michael W. Carey, United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Philip G. Niebergall pled guilty on November 4, 1988 to one count of fraudulently misapplying federally insured student loan proceeds in violation of 20 U.S.C. Sec. 1097(a) and one count of submitting a false document to the Department of Education in violation of 18 U.S.C. Sec. 1001. The district court sentenced Niebergall to two years of imprisonment for his fraudulent misapplication of funds and imposed a five year suspended sentence with five years of probation for submitting false documents. As a condition of probation, the district court also ordered Niebergall to pay restitution to the United States in the amount of $100,000. In this appeal, Niebergall challenges only the restitution order. Finding no abuse of discretion, we affirm the district court's decision.
 
 I.
 
 2
 Niebergall is the former president and owner of Century College, a for-profit business and vocational school located in Huntington, West Virginia. Both Niebergall and Century College are currently in bankruptcy following a period of gross mismanagement and financial irresponsibility. Among the college's various derelictions, it failed to pay employee withholding taxes and failed to refund tuition payments to students who flunked out or otherwise withdrew. To be accredited to participate in federally insured student loan programs, however, the college was obligated to refund the unearned portion of any tuition paid by a student who did not complete his or her course of study. On allegations that the college willfully withheld refunds under Niebergall's direction, he was indicted on 26 counts of violating 20 U.S.C. Sec. 1097(a) in September of 1988. He was also indicted on two counts of violating 18 U.S.C. Sec. 1001 for his attempt to cover up this failure by submitting false reports to the Department of Education.
 
 
 3
 Niebergall is currently unemployed and owes over $200,000 to the Internal Revenue Service for unpaid employee withholding taxes. Niebergall has no assets and is for all practical purposes an indigent.
 
 II.
 
 4
 Evidence introduced by the government indicates that the college withheld over $750,000 in tuition payments made from federally insured loan proceeds. Pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. Secs. 3663, 3664 (formerly 18 U.S.C. Secs. 2579, 3580), the district court ordered Niebergall to pay the United States $100,000 in restitution. On appeal, Niebergall raises two simple arguments against this order. First he asserts that the government failed to show any damages for which restitution could be ordered. Second, he argues that the district court abused its discretion in ordering an admitted indigent to pay restitution.
 
 
 5
 Niebergall's first argument is without merit. Since restitution may not be ordered for criminal misapplication of student loan proceeds, see 18 U.S.C. Sec. 3663(a), Niebergall was ordered to pay restitution to the government on account of his fraudulent representations to the Department of Education. Niebergall asserts that the government's evidence of the amount of tuition refunds unlawfully withheld only proves the government's losses attributable to his criminal misapplication of loan proceeds. The mere amount of misapplied loan proceeds does not, he suggests, show that the government's losses were in any way attributable to his fraudulent submissions to the Department of Education. Niebergall thus claims that the government is not entitled to restitution.
 
 
 6
 The force of this argument depends on the assertion that the government's losses are not attributable to Niebergall's efforts to cover up his fraudulent misapplication of loan proceeds. The VWPA authorizes the imposition of restitution orders "for actual damages or loss caused by the offense for which conviction was had." United States v. McMichael, 699 F.2d 193, 195 (4th Cir.1983). "The only limitation on the sentencing judge is that the damages or loss which the defendant can be ordered to repay are those which were directly caused by the offense for which the defendant was indicted." Id. Under this standard, Niebergall's fraudulent reports are sufficiently causally related to the refund losses to support the restitution order. If the government had been accurately informed of the problem, it could and would have taken steps to prevent the college from withholding tuition refunds. At a minimum, the government could have terminated the college's accreditation to participate in federal student aid programs and thereby cut the amount of its losses.
 
 
 7
 Niebergall's second argument, that the district court abused its discretion by granting restitution in this case, is also without merit. Niebergall asserts that he is currently indigent, has at best meager prospects for the future, and will in no way be able to repay the $100,000 order. "The VWPA implicitly requires the district judge to balance the victim's interest in compensation against the financial resources and circumstances of the defendant--all while remaining faithful to the usual rehabilitative, deterrent, retributive, and restrictive goals of criminal sentencing." United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987). We cannot say that the district court abused its discretion in striking that balance here. The district court clearly considered Niebergall's current indigency and accordingly did not order Niebergall to repay the full amount of the government's proven losses. And while Niebergall's prospects may be meager, we cannot say that he will be unable to find employment and fulfill the restitution order after the completion of his sentence.
 
 III.
 
 8
 The record shows that, through Century College, Niebergall acquired a small fortune, in part by defrauding both the United States and the college's students. The district court's decision ordering Niebergall to repay a small fraction of the total amount of the government's losses was not an abuse of discretion and that order is accordingly
 
 
 9
 AFFIRMED.