**UNITED STATES of America, Plaintiff,**

v.

**Glen W. MARSH, Defendant.**

**Crim. No. 4–89–186.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 2, 1990.

Jerome G. Arnold, U.S. Atty., and Elizabeth de la Vega, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Peter Thompson, Thompson & Lundquist, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for a reduction in sentence. Based upon the holding of *Hughey v. United States*, —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), defendant seeks to reduce the amount of restitution he was sentenced to pay. The motion will be denied.

### FACTS

On December 20, 1989, an indictment charging fifteen counts of mail fraud was returned against defendant Glen W. Marsh. The indictment opens with a few paragraphs of background information. Ten paragraphs follow describing Marsh's investment fraud scheme in detail. The 71 victims and the amount of each victim's loss were listed in an attachment to the indictment. The scheme allegedly lasted from October 1982 until January 1987 and defrauded the investors of more than $4 million.

Counts I–V are set out in a single paragraph. The five counts each charge a single mailing of one particular type of document used by the defendant in the execution of his scheme. Counts VI–X charge single mailings of a different type of document also used in the execution of defendant's scheme. Likewise, Counts XI–XV each charge single mailings of a third type of document. Each count incorporates by reference all of the paragraphs describing defendant's alleged scheme.

On February 26, 1990, Marsh pled guilty to Counts V, VI and XI. In the written plea agreement, Marsh specifically agreed to subject himself to a sentence of restitution "up to the full loss suffered" by the 71 victims identified in the attachment to the indictment. Further, at his change of plea, Marsh admitted that he had engaged in the fraudulent scheme charged in the indictment. He did dispute the amount of the loss claimed by the government. After the presentence investigation, the government and the probation officer took the position that the loss resulting from defendant's scheme totalled $3 million. Defendant argued that the loss amounted to $1.8 million. After hearing argument on the question, the Court ruled in favor of the government.

Marsh was sentenced to five years of imprisonment on Count V and a consecutive three and one-half year term of imprisonment on Count VI. On Count XI, the imposition of sentence was suspended in lieu of a five-year term of probation commencing upon his release from imprisonment. The Court also ordered the defendant to pay $3 million in restitution under the provisions of the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–64.

### DISCUSSION

Prior to *Hughey*, most of the courts of appeals had concluded that the Victim and Witness Protection Act authorized restitution in an amount greater than the loss due solely to the offense of conviction, provided that the amount of compensation due had either been admitted by the defendant or adjudicated by the court. *See United States v. Berrios*, 869 F.2d 25, 31 (2d Cir. 1989) and cases cited therein. *Hughey* es-

tablishes that no such authority exists. The Act authorizes a sentence of restitution only for "the loss caused by the specific conduct that is the basis of the offense of conviction." 110 S.Ct. at 1981. A defendant, "even by invitation, cannot confer jurisdiction upon the court to impose a sentence greater than the statute permits." *Shelton v. United States,* 165 F.2d 241, 245 (D.C.Cir.1947).

Defendant's motion for a reduction of sentence [1] raises a single issue: how should the offense of mail fraud be defined for the purposes of restitution? Following *United States v. Tiler,* 602 F.2d 30, 33–34 (2d Cir.1979), a number of courts have held that " 'in mail fraud cases, 'offense' includes the fraudulent scheme alleged as an element of the offense and restitution may be ordered in an amount caused by the entire scheme rather than only in the amount caused by a particular mailing.' " *Phillips v. United States,* 679 F.2d 192, 196 (9th Cir.1982), quoting the district court's unpublished opinion. *See also United States v. Vance,* 868 F.2d 1167, 1170 (10th Cir.1989) (defendant pleaded guilty to two counts of multi-count indictment for bank fraud; order of restitution for total amount of loss to banks upheld because scheme was appropriately treated as a unitary offense for purpose of determining restitution); *United States v. Woods,* 775 F.2d 82, 88 (3d Cir.1985) (defendant pleaded guilty to two counts of a 35–count indictment charging mail fraud; restitution in full amount of balance claimed by swindled investors proper because each count was an act in furtherance of a unitary scheme).

In this case, the defendant pleaded guilty to three counts of mail fraud. Each count incorporates as an element of the offense allegations that the defendant had engaged in a common scheme to defraud 71 persons. The scheme is therefore an integral part of the offense charged in every count. At the hearing on his change of plea, the defendant admitted that he had conducted the scheme charged in the indictment. Under

these circumstances, the Court holds that a sentence of restitution for the total amount of loss due to the underlying scheme is authorized by the Victim and Witness Protection Act.

Accordingly, based on the foregoing, and upon all the files, records and proceedings in this case,

IT IS ORDERED that defendant's motion for a reduction of sentence is denied.

---

**1.** Defendant was convicted of offenses committed prior to November 1, 1987. Therefore, his motion for a reduction of sentence is properly before the Court under Fed.R.Crim.P. 35 as it stood prior to amendment by Pub.L. 98–473.